IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>DONALD GRECO,<br><br>         Defendants. | ORDER<br><br>Case No.  2:03CR607DAK |

      This matter is before the court on Defendant's Motion for Modification of Sentence or, in the Alternative, for a Community Corrections Center Placement Pursuant to *Wedelstedt v. Wiley,* 477 F.3d 1160 (10th Cir. 2007).  Defendant's motion seeks to reduce his sentence by ten months based on his completion of the Bureau of Prison's RDAP, his certificates of achievement, and exemplary record.  Alternatively, Greco seeks to complete the balance of the ten months remaining on his sentence in a Community Correction Center ("CCC") based on the Tenth Circuit's recent decision in *Wedelstedt*.

      The court does not have jurisdiction to reduce Deefendant's sentence.  Although Defendant's reply memorandum attempts to characterize his motion as one to modify his probation, Defendant's request to reduce his term of imprisonment by ten months is clearly a motion to reduce his sentence.  After sentencing, a court may modify the term of imprisonment in very limited situations.  *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  None of

those limited situations is present in this case. Therefore, Defendant's motion to reduce sentence is denied.

Defendant's alternative request to spend his remaining ten months in a CCC is also outside of the court's jurisdiction. Pursuant to federal law, 18 U.S.C. Section 3582, the court loses jurisdiction of a case at sentencing. After a defendant is sentenced, jurisdiction is turned over to the Bureau of Prisons ("BOP"), and a defendant is then subject to the rules and standards that govern that agency. BOP determines a defendant's place of confinement under 18 U.S.C. § 3621(b).

As recognized by the Tenth Circuit Court of Appeals, 18 U.S.C. Section 3621(b) confers upon the Bureau of Prisons qualified discretion to designate a prisoner's place of imprisonment. *Wedelstet*, 477 F.3d at 1165-67. Because the BOP has the ultimate discretion in making the designation of a facility, this court can only make a recommendation that the BOP must consider among the other four factors in Section 3621(b). *Wedelstedt* makes clear that the BOP must consider the five factors in Section 3621(b) in making its designation of a facility without regard to the regulations limiting the designation of a CCC to the last ten percent of an inmate's sentence. *Id.*

Even if the court recommended that Defendant be designated to a CCC, the court's recommendation is only one factor out of five that the BOP must consider in making its designation. It is not the court's role to consider the remaining factors relevant to a decision regarding Defendant's proper designation. And the court cannot order the BOP to place an inmate in any particular designation. The BOP alone is given the discretion of making the proper designation.

Nonetheless, given the materials submitted by Defendant, the court finds that Defendant would be a suitable candidate for placement at a CCC.  Therefore, the court is hereby recommends that the BOP consider Defendant for a CCC designation for the remaining portion of his sentence.  The BOP can factor this recommendation into its determination.

DATED this 28th day of September, 2007.

_____
DALE A. KIMBALL,
United States District Judge